BANG JA GUAJARDO and RICHARD GUAJARDO, Plaintiffs/Appellants/Cross-Appellees,
v.
AIG HAWAII INSURANCE COMPANY, INC., Defendant/Appellee/Cross-Appellant, and
JOHN DOES 1-10, et al., Defendants, and
AIG HAWAII INSURANCE COMPANY, Third-Party Plaintiff/Appellee,
GARY SENAGA, Third-Party Defendant/Appellee.
No. 27893.
Intermediate Court of Appeals of Hawaii.
October 25, 2007.
On the briefs:
Ian L. Mattoch, Daniel P. Kirley, (Law Offices of Ian L. Mattoch) for Plaintiffs/Appellants/Cross-Appellees.
Jonathan H. Steiner, R. John Seibert, (McCorriston Miller Mukai MacKinnon LLP) for Defendant/Appellee/Cross-Appellant.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and NAKAMURA, JJ.

A. Appeal
Plaintiffs/Appellants/Cross-Appellees Bang Ja Guajardo (Mrs. Guajardo) and Richard Guajardo (collectively, the Guajardos or Plaintiffs) appeal from the portion of the Amended Final Judgment filed on April 18, 2006, in the Circuit Court of the First Circuit (circuit court),[1] in which the circuit court entered judgment in favor of Defendant/Appellee/Cross-Appellant AIG Hawaii Insurance Company, Inc. (AIG) and against the Guajardos as to Counts II and III of the Guajardos' Complaint. The circuit court's entry of judgment was based on its ruling in its January 14, 2005 "Order Granting Defendant AIG Hawaii Insurance Company, Inc.'s Motion for Partial Summary Judgment" (Order Granting AIG's Motion for Partial SJ).
In its Order Granting AIG's Motion for Partial SJ, the circuit court dismissed with prejudice the Guajardos' claims against AIG for "tortious breach of the implied covenant of good faith and fair dealing" (Count II) and punitive damages for AIG's refusal to pay Underinsured Motorist (UIM) benefits (Count III). The circuit court found that at the time AIG refused to pay the Guajardos UIM benefits, AIG in good faith took the position that it would consent to the Guajardos' settlement with the tortfeasor, Gary Senaga (Senaga), as long as AIG's subrogation rights against Senaga were preserved.
After the circuit court orally granted AIG's Motion for Partial Summary Judgment (AIG's Motion for Partial SJ), the Guajardos filed a motion for reconsideration, which the circuit court denied. In its February 24, 2005 "Order Denying Plaintiffs' Motion for Reconsideration of the Court's Oral Ruling Granting Defendant AIG's Motion for Partial Summary Judgment," the circuit court found in relevant part that the Guajardos had failed to show there had been any intervening changes in the law or any manifest error in the court's Order Granting AIG's Motion for Partial SJ.
On appeal, the Guajardos argue that the circuit court erred when it granted AIG's Motion for Partial SJ, dismissed the Guajardos' bad faith and punitive damages claims with prejudice, and denied the Guajardos' motion for reconsideration, for the following reasons:
(1) The circuit court failed to examine AIG's entire course of conduct in the instant case. For example, the Guajardos allege, AIG blatantly misrepresented the terms of its policy; failed to advance the $100,000 offered by Progressive Insurance Company to the Guajardos in pursuit of AIG's own subrogation rights  i.e., failed to "buy out" the Guajardos' claim against Senaga  to the Guajardos' detriment, even though the Guajardos had given AIG their pledge of full cooperation; and failed to conduct an independent investigation into Senaga's assets before withholding the Guajardos' UIM benefits.
(2) When the record is viewed in the light most favorable to the Guajardos as the non-moving party, there are genuine issues of material fact regarding whether AIG's claims practices were unreasonable, in bad faith, and able to support a claim for punitive damages.
(3) The circuit court abused its discretion in not granting the Guajardos a continuance of the hearing, pursuant to Hawaii Rules of Civil Procedure (HRCP) Rule 56(f), on AIG's Motion for Partial SJ so the Guajardos could conduct sufficient discovery to establish a record as to whether AIG's claims practices were unreasonable, in bad faith, and able to support a claim for punitive damages.
Accordingly, the Guajardos argue the circuit court erred in granting AIG's Motion for Partial SJ as to Counts II and III of the Guajardos' Complaint and in failing to grant the Guajardos' motion for reconsideration.

B. Cross-Appeal
AIG cross-appealed from the Amended Final Judgment. The Amended Final Judgment reflected the circuit court's decision in its "Order Granting Plaintiffs' Motion (1) to Alter or Amend the Final Judgment, and (2) for Relief from the Order Granting Defendant AIG Hawaii Insurance Company, Inc.'s Motion for Attorneys' Fees and Costs, Filed on April 1, 2005 [Filed March 15, 2006]" (Order Granting the Guajardos' Motion for Relief).
In its Order Granting the Guajardos' Motion for Relief, the circuit court vacated its prior award of attorneys' fees and costs to AIG pursuant to Hawaii Revised Statutes (HRS) § 607-14 (Supp. 2006) as to Counts II and III of the Guajardos' Complaint The circuit court reasoned that under Enoka v. AIG Hawaii Insurance Co., Inc., 109 Hawaii 537, 128 P.3d 850 (2006), "an award of attorneys' fees and costs to a prevailing insurer related to a claim under a motor vehicle insurance contract is controlled by HRS § 431:10C-211(d) [2005 Repl.] rather than HRS § 607-14." The circuit court then determined that AIG was not entitled to fees and costs under HRS § 431:10C-211(d) because the Guajardos' bad faith UIM claim and punitive damages claim were neither fraudulent nor frivolous.
In its cross-appeal, AIG argues that the circuit court erred in holding that an auto insurer's request for attorneys' fees and costs in the UIM bad-faith context is governed exclusively by HRS § 431:10C-211(d) because (1) HRS § 431:10211(d) does not apply to UIM claims and only applies to no-fault/ personal injury protection (PIP) claims, (2) HRS § 431:10C-211(d) does not conflict with HRS § 607-14 outside the PIP context, (3) Enoka does not require a different result concerning the availability of HRS § 607-14 to control the award of attorneys' fees and costs in the non-no-fault/PIP context, (4) HRS § 607-14 applies to the Guajardos' bad faith claim, and (5) HRS § 431:10211(d) does not apply to bad faith claims.
Accordingly, AIG requests this court to vacate the portion of the Amended Final Judgment denying AIG's Motion for Attorneys' Fees and Costs, with instructions to the circuit court to enter judgment on the motion consistent with the Final Judgment filed March 6, 2006.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we hold the following with regard to the Guajardos' appeal:
(1) The circuit court did not err by finding that AIG withheld the Guajardos' UIM benefits in good faith because
(a) AIG did not misrepresent to the Guajardos that their AIG policy required them to pursue Senaga to judgment to protect AIG's subrogation rights. Taylor v. Gov't Employees Ins. Co., 90 Hawai'i 302, 313, 978 P.2d 740, 751 (1999); Granger v. Gov't Employees Ins. Co., 111 Hawai'i 160, 162-66, 140 P.3d 393, 395-99 (2006); see also HRS §§ 431:10C-301(b)(4) (2005 Repl.) and 431:10C-103 (2005 Repl.). Further, given AIG's apparent willingness to find an alternative means of resolving the dispute, we conclude that even if AIG had misrepresented the terms of the Guajardos' AIG policy, it would not have prejudiced the Guajardos.
(b) AIG did not act in bad faith when it denied the Guajardos' suggestion that it "buy out" the Guajardos' claim against Senaga because Hawai'i law did not require AIG to do so and AIG attempted to find a mutually agreeable alternative solution. See Taylor, 90 Hawai'i at 311, 978 P.2d at 749.
(c) AIG did not act unreasonably when it failed to conduct an independent investigation into Senaga's income and assets and when it withheld its consent to the Guajardos' settlement prior to receiving documentation regarding Senaga's income and assets. First, no Hawaii law required AIG to conduct an independent investigation into Senaga's income and assets to prove that a settlement between the Guajardos and Senaga would prejudice AIG's subrogation rights. Second, AIG did not definitely deny the Guajardos' settlement request before receiving information regarding Senaga's income and assets; rather, AIG merely withheld its consent to the settlement pending AIG's receipt of such documentation.
(2) The circuit court did not err by granting AIG's Motion for Partial SJ because the law was clear regarding the issues in AIG's motion and, hence, there were no genuine issues of material fact.
(3) The circuit court did not abuse its discretion by denying the Guajardos' request for additional time to conduct discovery because:
(a) In their written request for a continuance, the Guajardos did not give any reason why they had been unable to conduct adequate discovery from October 1, 2003 (the time they filed their Complaint) to October 6, 2004 (the date the circuit court orally granted AIG's Motion for Partial SJ). Wilder v. Tanouye, 7 Haw. App. 247, 252-53, 753 P.2d 816, 820 (1988); HRCP Rule 56(f).
(b) The Guajardos failed to demonstrate how postponement of the circuit court's ruling on AIG's Motion for Partial SJ would enable the Guajardos, through discovery, to rebut AIG's showing of an absence of a genuine issue of fact with regard to Counts II and III of the Guajardos' Complaint.
Further, upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we hold with regard to AIG's cross-appeal that the circuit court did not err by failing to award AIG attorneys' fees and costs because HRS § 431:10C-211(d), not HRS § 607-14, applied to the instant case. HRS §§ 431:10C-211(d) and 607-14; Enoka, 109 Hawai'i at 559-61, 128 P.3d at 872-74.
Therefore,
IT IS HEREBY ORDERED that the Amended Final Judgment filed on April 18, 2006, in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Bert I. Ayabe presided.